[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Albert and Gloria Sandella, have appealed the decision of the defendant, the Zoning Board of Appeals ("ZBA") of the Town of Wallingford, granting an application for special exception made by defendant Denise Funaro. The plaintiffs are the owners of property designated as 916 North Farms Road in Wallingford. Defendant Funaro sought a special exception for property designated as 901-911 North Farms Road. Defendant Jon F. Warzocha, Executor of the Estate of Mary D. Warzocha, is listed on Ms. Funaro's application as the owner of 901-911 North Farms Road. The Sandellas reside within 100 feet of the Warzocha property.
The defendant Funaro applied to the ZBA on September 25, 1990 for a Special Exception and Variance to allow a child day care center for ninety-five children on the 901-911 North Farms Road property. A public hearing was held on said application on October 15, 1990, and after discussion the ZBA granted the special exception with stipulations.
Plaintiffs, pursuant to General Statutes 8-8, have appealed to this court, alleging that defendant ZBA, in granting said special exception, acted illegally, arbitrarily and in abuse of the discretion vested in it.
A hearing was held on April 30, 1991, at which plaintiffs were found to be aggrieved as defined by General Statutes 8-8 (1).
 II.
Plaintiffs' complaint is in two counts, the first alleging abuse of discretion, the second alleging lack of jurisdiction on the part of the ZBA. Plaintiffs did not brief the issue of lack CT Page 6593 of jurisdiction and this issue, as well as others not briefed, is deemed abandoned. Gaudet v. Safeco Ins. Co., 219 Conn. 391, 403. (citations omitted).
 III.
The subject property is in a Rural District (RU-40) Zone. A child day care center is a use which requires a Special Exception (Zoning Regulations of the Town of Wallingford, Article IV, Section 4.2-D.1). Each specific Special Exception for which a permit is sought shall be considered as an individual case and shall, in addition to other standards prescribed in these regulations, conform to the detailed application of the following standards in a manner appropriate to the particular circumstances of such use:
 1. The nature, location, size, intensity and site layout of the use shall be such that it will be in harmony with the appropriate and orderly development of the area in which it is situated.
 2. The nature and size of the use, the nature and intensity of the operations involved in or conducted in connection with it, its site layout, and its relation to streets giving access to it shall be such that both pedestrian and vehicular traffic to and from the use and the assembly of persons in connection with it, shall not be hazardous or inconvenient to the predominant character of the neighborhood, or conflict with the normal traffic of the neighborhood, taking into consideration, among other things, convenient routes of pedestrian traffic, particularly street intersections, vehicular turning movements in relation to routes and volumes of traffic flow, sight distances, and adequacy of parking facilities.
 3. The location and height of buildings and structures, the location, nature and height of walls and fences and the nature and extent of landscaping on the site shall be such that the use shall not hinder or discourage the appropriate development and use of adjacent land and building or impair the value thereof.
(Regulation, Article IX, Section 9.1J.) CT Page 6594
Plaintiffs argue that the ZBA's approval of the subject application violates the clear intent of the Zoning Regulations and that none of the above-cited conditions of Article IX, Section 9.1J were met by the applicant; consequently the defendant ZBA acted improperly in granting said special exception.
 IV.
In reviewing the actions of a zoning board of appeals such a board is endowed with a liberal discretion and its actions are subject to review by the court only to determine if they were unreasonable, arbitrary or illegal, Pleasant View Farms Development, Inc. v. Zoning Board of Appeals, 218 Conn. 265, 269. Such discretion is accorded a ZBA because its members are closest to the circumstances and conditions which "create the problem and shape the solution." Raybestos-Manhattan, Inc. v. Planning 
Zoning Commission, 186 Conn. 466, 470, quoting from Stiles v. Town Council, 159 Conn. 212, 219. The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs. Pleasant View Farms Development, Inc. v. Zoning Board of Appeals, supra at 269, 270. Where, as here, the ZBA fails to state clearly the reasons for its decision the court must review the record to determine whether there is factual support for the ZBA's decision, not for the contentions of the plaintiffs. Pleasant View Farms, supra at 270.
 V.
The defendant Funaro proposes to utilize the subject property for a day care center and kindergarten to serve a maximum of 95 children. Actual enrollment is anticipated to be limited to 88 children. The subject property comprises some 95,000 square feet. The facility is to have a staff of 16. There is presently on the property a residence and a barn, the structures comprising some 2311 square feet in area.
The residence will be converted for day care use and some 3514 square feet of additional construction is proposed. The hours of childrens' attendance are expected to be staggered and the defendant applicant estimates that no more than 5 or 6 parents' motor vehicles will be arriving or departing at a given time.
At the October 15, 1990 public hearing on the subject application, the applicant through her attorney, described her proposal, submitted photographs of the subject property, plans and drawings of the site and the proposed alterations and additions and responded to questions posed by ZBA members. Members of the public expressed their positions in favor of or opposed to the CT Page 6595 proposed special exception. Those opposed cited concerns including the size and intensity of the proposed use, its effect on traffic and safety, its impact on property values and the expectation that the use would disturb neighbors in the enjoyment of their property. Following discussion the ZBA voted to grant the special exception with condition that site plan and other approvals be obtained and an accurate traffic study be submitted.
 VI.
Having reviewed the record the court concludes that plaintiffs have failed to establish that approval by the defendant ZBA of the special exception "violates the clear intent" of the Zoning Regulations of the Town of Wallingford. While Section 4.2A of said regulations states the "purpose of establishing a rural district" is ". . . to allow single-family residences at low density while recognizing and encouraging the continuance of agricultural operations" — a child day care center is a permitted use in such a district as are an array of other uses other than single family residences or agricultural operations.
Further, the court finds that there was sufficient evidence in the record to support a finding by the ZBA that the subject application conformed to the standards enunciated in Article IX, Section 9.1J of the Wallingford Zoning Regulations.
The plaintiffs have failed to establish that the defendant ZBA acted illegally, arbitrarily or in abuse of its discretion. Accordingly, plaintiffs' appeal is dismissed and judgment may enter in favor of all defendants as against the plaintiffs.
JOHN T. DOWNEY, JUDGE